IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **STEVEN SCHROERS**, on behalf of himself and all other similarly-situated employees, known and unknown,<br>　　　　　　Plaintiff,<br>　v.<br><br>**PROMPT MEDICAL TRANSPORTATION, INC. d/b/a Prompt Ambulance Service** and **Indiana EMS**, an Indiana corporation, **GARY MILLER**, individually, **SHAR MILLER**, individually, and **JOSEPH MERRY**, individually,<br><br>　　　　　　Defendants. | Civil Action<br><br><br><br><br>No.<br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other similarly-situated employees, known and unknown, the plaintiff, STEVEN SCHORERS,(the "Plaintiff")complains of the defendants, PROMPT MEDICAL TRANSPORTATION, INC. d/b/a "Prompt Ambulance Service" and "Indiana EMS" ("PROMPT"), an Indiana corporation, GARY MILLER, individually, SHAR MILLER, individually, and JOSEPH MERRY, individually, (the "Defendants").  Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

   **I.**　**PARTIES**

　　1.　The Plaintiff brings this action for declaratory judgment, back pay, and other relief pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 to remedy the Defendants' willful and unlawful violations of federal law complained of herein.

　　2.　PROMPT is an Indiana corporation having its registered office and principal place of business within the Northern District of Indiana, at or near 9835 Express Drive, Highland, Indiana 46322.

3. PROMPT operates a private, for-profit ambulance service that contracts with municipalities in Northwest Indiana including East Chicago and Gary; and, pursuant to those contracts and other agreements, PROMPT offers its services to the general public in East Chicago, Gary and other municipalities.

4. At all times relevant to this action, the Plaintiff was employed by the Defendants in various work assignments as an Emergency Medical Technician and/or Paramedic ("EMT").

5. At all times relevant to this action, the Defendants paid the Plaintiff on an hourly basis for the work assignments he performed as an EMT, except upon his transfer into PROMPT's Information Technology (IT) department where the Plaintiff was a salaried employee.

6. While working for the Defendants in the position of EMT as well as working in the IT department, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq.

7. GARY MILLER and SHAR MILLER are principal officers of PROMPT.

8. JOSEPH MERRY is one of PROMPT's senior managers in charge of operations.

9. At all times relevant to this action, each of the Defendants was the Plaintiffs' "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

10. PROMPT had gross receipts in excess of $500,000.00 in: a) 2009; b) 2010; c) 2011; d) 2012; e) 2013; and 2014.

11.     At all times relevant to this action, the Defendants, and each of them, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA.

## II.     JURISDICTION AND VENUE

12.     Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

13.     Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Indiana; and the Defendants maintain their principal place of business within the Northern District of Indiana.

## III.    THE "OPT-IN" CLASS

14.     The Plaintiff brings this case as an "opt-in" collective action under the FLSA on behalf of himself and all other similarly situated past and present employees of the Defendants, known and unknown (the "Putative Class"); and in accordance with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action – the Plaintiff's written consent form is attached as **Exhibit A** and incorporated by reference.

15.     The Putative Class is comprised of: all past and present employees of the Defendants who are and/or were paid hourly for their labor.

16.     At all times relevant to this action, each of the Defendants was and/or is the Putative Class members' "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

## IV.  CLAIMS

### Count I
### (Violation of the FLSA)

17. The Defendants typically assigned the Plaintiff to work what were ostensibly 40-hour weeks; but the Defendants actually required the Plaintiff to work more than 40 hours in most weeks.

18. In most cases, the overtime (in excess of 40 hours in any given work week) hours that the Plaintiff was required to work were completely uncompensated as the result of the Defendants' unlawful practice and policy of:

   a. Requiring the Plaintiff to work as much as 10 hours per week "off the clock" for the last three (3) years, while inspecting, stocking and otherwise readying ambulances to leave the garage and respond to calls ("Rig Check Work");

   b. Using a time clock system with a "snap" function that automatically rounded the Plaintiff's recorded work time up, and down, to the beginning and end of his scheduled shifts – even when the Plaintiff actually worked longer than his scheduled shifts in most work weeks;

   c. Maintaining a policy under which overtime was not paid to the Plaintiff unless it was "approved," while at the same time requiring the Plaintiff to perform Rig Check Work that the Plaintiff could not have performed during his regularly scheduled shifts – because the Defendants required ambulances to be out on the street and ready to respond to calls at the beginning of the Plaintiff's scheduled shifts;

   d. Failing to approve and pay compensation for overtime hours when the Plaintiff would call JOSEPH MERRY and/or the Defendants' human resources office to report that he had worked overtime; and

19. In some cases, the overtime (in excess of 40 hours in any given work week) hours that the Plaintiff was required to work were completely uncompensated as the result of the Defendants' unlawful practice and policy of:

    a. Allowing and encouraging the Plaintiff to perform audits of his peers' performance on his own time, while off the clock, which audits the Defendants would later use to train and discipline other EMTs;

    b. Allowing and encouraging the Plaintiff to attend company meetings on his own time, while off the clock, at which company business and operations were discussed, which meetings occurred approximately monthly and lasted 1 to 2 hours each;

    c. Allowing and encouraging the Plaintiff to perform unpaid "volunteer" work as an EMT at community events on his own time, while off the clock, at which events the Plaintiff was required to wear his PROMPT uniform and to be ready to respond to calls for emergency medical assistance and transportation.

    d. Allowing, encouraging, and requiring the Plaintiff to perform IT work outside of work hours, including taking phone calls, answering emails, and making service calls.

20. The Defendants subjected the Plaintiff to the unlawful practices described in the two preceding paragraphs as a matter of practice and policy and on an ongoing basis, willfully circumventing the FLSA's requirements, in order to improperly convert funds into profit that should have been paid to the Plaintiff as and for wages.

21. The Defendants subjected the Putative Class members to the same, or to similar, unlawful practices as those described above relative to the Plaintiff as a matter of practice and policy and on an ongoing basis, willfully circumventing the FLSA's requirements, in order to improperly convert funds into profit that should have been paid to the Putative Class members as and for wages.

22. The Putative Class is comprised of in excess of one hundred EMTs that the Defendants employ and/or employed within the last three years and, when viewed relative to the Putative Class as a whole, the Defendants improperly converted wages consisting of potentially millions of dollars.

23. Using the unlawful practices described above and others, the Defendants violated the FLSA by, among other ways:

   a. Failing to pay the Plaintiff for numerous hours he worked altogether – requiring him to work "off the clock;" and

   b. Failing to accurately record the number of hours that the Plaintiff actually worked each week.

   c. Failing to keep records of the Plaintiff's "off the clock" work.

24. Using the unlawful practices described above and others, the Defendants violated, and continue to violate, the FLSA by, among other ways:

   a. Failing to pay the Putative Class members at a rate not less than one and one-half times their regular hourly rates for the overtime (in excess of 40 in any given week) hours they worked/work in most, if not all, of the weeks that they were/are allowed to perform work for the Defendants;

   b. Failing to pay the Putative Class members for numerous hours they worked/work altogether – requiring them to work "off the clock;" and

   c. Failing to accurately record the number of hours that the Putative Class members actually worked/work each week.

25. The Defendants' violation of the FLSA is ongoing and pervasive, in that the Defendants continue to subject the Putative Class members to the same unlawful practices described above.

26. During the course of their employment by the Defendants, the Plaintiffs and the Putative Class members handled/handle goods that moved in interstate commerce including but not limited to pharmaceutical grade saline solution, syringes, plastic tubing and oxygen.

27. During the course of their employment by the Defendants, the Plaintiffs and the Putative Class members were/are not exempt from the FLSA's minimum wage and maximum hour (overtime) provisions.

6

28.     STEVEN SCHROERS was employed by the Defendants from about the summer of 2006 through about May 23, 2014.

29.     The Plaintiff does not yet have access to the universe of extant employment records; and many of the employment records that do exist are grossly inaccurate as a result of the Defendants' unlawful practices described above, including but not limited to the automatic "snap" rounding by the Defendants' time clocks and the Defendants refusal to record or pay reported overtime hours.

30.     The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

31.     The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

32.     As a result of the Defendants' willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiff and the Putative Class members an amount that has not yet been precisely determined and the complete (though inaccurate, as described above) employment and work records for the Plaintiff and the Putative Class members are in the exclusive possession, custody and control of the Defendants.  The Plaintiff is therefore unable to state at this time the exact amount due and owing to them.

33.     The Defendants are under a duty imposed by the Section 11(c) of the FLSA, and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiff and the Putative Class members from which the amount of the Defendants' liability can be ascertained.

## Count II

### (Violation of the Indiana Minimum Wage Law)

34. The Plaintiff hereby incorporates by reference paragraphs 1 through 33 of this Complaint into this count.

35. To the extent Defendant is not subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended, Defendant is an "employer" for purposes of the Indiana Minimum Wage Law of 1965, I.C. §22-2-2, *et seq*. ("IMWL"); to wit, Defendant is an individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision that employs two (2) or more employees during a given workweek.

36. Defendant failed to pay Plaintiff and others minimum wage, or an amount equal to minimum wage, or overtime, as required by the IMWL.

37. Defendants' failure to comply with the IMWL caused Plaintiff and others to suffer loss of wages thereon.

38. Pursuant to IC 22-2-2-9, Plaintiff brings this action for and on behalf of himself and all other employees of the same employer who are similarly situated.

39. Pursuant to IC 22-2-2-9, Plaintiff and the other putative collective action plaintiffs are entitled to three (3) years of wages owed, an equal amount in liquidated damages, as well as costs and attorneys' fees.

WHEREFORE, on behalf of himself and the Putative Class, the Plaintiff prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

    A. A decree that the Defendants have willfully and wrongfully violated their obligations under the FLSA (or, alternatively the IMWL), and thereby deprived the Plaintiff and the Putative Class members of their rights;

B.  Conditional certification of the Putative Class as defined herein;

C.  Authorization to send notice of this action to the Putative Class members and allowing them to "opt-in" and join this action by filing consent forms with the Court;

D.  A complete and accurate accounting of all the compensation to which the Plaintiff and the Putative Class members are entitled;

E.  An award of damages equal to the unpaid compensation due and owing to the Plaintiff and the Putative Class members under the FLSA (or, alternatively the IMWL),;

F.  Liquidated damages under the FLSA (or, alternatively the IMWL);

G.  Pre and Post judgment interest;

H.  Reasonable attorneys' fees and costs;

I.  Such further relief as may be just and proper.

**JURY DEMAND**

The Plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

        Respectfully submitted,

        /s/Paul Luka
        One of the Plaintiff's Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120S.StateStreet,Suite400
Chicago,IL60603
312.236.9825
paul@lukapc.com

9

**CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that he served the attached pleading and civil cover sheet on all parties of record via the Court's CM/ECF system and filed summonses accordingly.

                /s/Paul Luka
                One of the Plaintiff's Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
312.236.9825
paul@lukapc.com

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C. to pursue his/her claims for unpaid wages, and other relief, against PROMPT MEDICAL TRANSPORTATION, INC., and any other person/s who may have employed the undersigned in conjunction with said person/s, (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

STEVEN SCHROERS